VICTOR H. ELDER *et al. vs.* MAYOR OF THE CITY OF NEWPORT *et al.*

MARCH 10, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CAPOTOSTO, J. This petition for a writ of certiorari was brought by Victor H. Elder and the Sun Oil Company against the mayor, the board of aldermen of the city of Newport and Harry R. Hamilton, in his capacity as commissioner of public works of that city, hereinafter referred to as the commissioner, to review the action of the respondents denying to the petitioners a "curb cut" for access to a proposed gasoline station.

Petitioner Elder owns two contiguous parcels of land, one in the city of Newport, and the other in the town of Middletown. Viewed as a whole, this land is located at the southeast corner of the intersection of certain streets, commonly known as the Mile Corner. The portion of the land in Newport abuts on Broadway which is a curbed street. At or about the center of the intersection there is a traffic light.

Petitioner Sun Oil Company entered into a conditional agreement to purchase both of the above-described parcels of land for the erection of a gasoline station in Middletown, provided all necessary permits were obtained, including one for a curb cut for access to Elder's land from Broadway in Newport, which was to be used as a driveway to the gasoline station. Newport has a zoning ordinance and Elder's land in that city is located in a residential zone. However, upon application to the zoning board of review, the board granted Elder's petition for a change in the classification of his Newport land from a residential to a limited business use, namely, "solely for a driveway to be used as a commercial approach to its adjoining unrestricted land in Middletown and with the restriction that no building or structure to be used for business purposes shall be erected on the premises within the city limits of the City of Newport."

An ordinance of the city of Newport entitled "An Ordinance In Amendment Of Chapter 12-13 Ordinances Of The City Of Newport, Revision Of 1945, Entitled 'Streets and Highways' " provides that a landowner desiring access to his land from a highway and over a curbed sidewalk must make application therefor in a certain manner. This procedure includes the filing of a plat with the commissioner of public works, who, after giving the prescribed notices, shall hold a hearing on the application, at which time objectors may be heard. The ordinance also provides that the commissioner shall "examine into the necessity for said entrance or driveway, and in so doing shall take into consideration the public welfare, traffic hazards, dangers to pedestrians and the public generally, and any and all matters pertaining thereto, and shall act upon and approve or disapprove said application." The ordinance then goes on to provide an appeal from the decision of the commissioner to the board of aldermen, who shall affirm or reverse his action.

Following a hearing in accordance with the ordinance,

the commissioner denied petitioners' application. In so far as pertinent, his decision was as follows: "The plan submitted has been studied and the site inspected. In view of the close proximity of this drive-in to the Traffic Light at the Mile Corner and the volume of traffic in this vicinity and taking into consideration the public welfare, traffic hazards, danger to pedestrians and the public generally, I hereby disapprove this application." The distance from the proposed driveway on the plat to the traffic light does not definitely appear in the record before us. The board of aldermen denied petitioners' appeal from this decision, whereupon the latter brought the instant proceedings.

The questions of law in this case are identical with those that were decided by us in the certiorari case of *Newman* v. *Mayor of Newport*, 73 R. I. 385, hereinafter referred to merely as the *Newman* case. What we said in that opinion on such questions applies with equal force here and, therefore, repetition is unnecessary.

The petitioners in the case at bar, as in the *Newman* case, attack the decision on two grounds: first, that the ordinance is unconstitutional; and, secondly, that the decision is illegal and arbitrary. Our view of the law as to both of these grounds having been fully set out in the *Newman* case need not be repeated here.

In determining the issue raised by the present petition we exclude all consideration of the Elder land in Middletown. The decision of the commissioner now before us for review involves only Elder's land in Newport, as the commissioner has no jurisdiction beyond the limits of that city. Whether there is access to the Elder land in Newport from his adjoining land in Middletown has no bearing on the merits of this case. Hereinafter the term "Elder's land," or its equivalent, will refer solely to his land in Newport.

The basic principle of law governing this case is that Elder is entitled as of right to access to his land from Broadway, such access to be reasonably suited to the per-

mitted use of that land and to the right of public travel over the sidewalk. He cannot be denied all access to his land from that highway. As to the facts, it is clear that, prior to his application for a curb cut, Elder was permitted by the zoning board of review to use his land in a limited way for a commercial purpose. The application for the particular curb cut under consideration was made by him in connection with and in furtherance of such use. Since Elder had no other access to his land from Broadway, the commissioner was bound to grant him a curb cut for a driveway that was reasonably suited for the permitted use of the land. The commissioner was under no obligation to grant him a curb cut for a driveway of the dimension and in the location shown on the plat filed with the application; but, on the other hand, Elder was entitled to a curb cut for the purpose and to the extent just above indicated.

The decision of the commissioner apparently is not clear. Both parties have presented this case on the theory that he refused to grant Elder any curb cut whatever, thereby denying him any and all access to his land. If we believed that the commissioner intended to and did go that far we would not hesitate to grant Elder the relief prayed for in this case. See *Newman* v. *Mayor of Newport, supra,* where the commissioner expressly made his intention clear. However, being in some doubt, we prefer to follow the language of the decision literally and construe it most favorably to the commissioner.

In the pertinent part of the decision hereinbefore quoted, the commissioner said that he had studied the "plan submitted" and that in view of the close proximity of the driveway to the traffic light and the volume of traffic in that vicinity he disapproved the application in the public interests. We understand from this language that he confined himself strictly to a consideration of the plan submitted by Elder with the application and that, in his judgment, the driveway as shown thereon enhanced the

danger to the traveling public because such driveway was too close to the traffic light. Under this interpretation of the decision he did not deny Elder all access to his land for the use permitted by the zoning board. When the decision is so read, we cannot say that the commissioner acted arbitrarily or abused his discretion. In these circumstances the decision, as rendered, will not be disturbed by us.

It seems unnecessary to add that the petitioners are free to file another application with a plat showing any new proposed driveway. If that is done, it will then be the duty of the commissioner to cooperate with Elder, keeping in mind that under the law the latter is entitled to a curb cut on Broadway that will give him reasonable access to his land suitable to the permitted use. While the commissioner has the right to exercise his discretion reasonably as to the location and width of the driveway, an applicant in circumstances similar to those of Elder should not be put to the inconvenience and annoyance of filing repeated applications for a curb cut until a plat in connection therewith finally meets the unexpressed ideas of the commissioner as to what is a reasonable curb cut both as to location and width. The supervisory power over the making of curb cuts that is vested by the ordinance in the commissioner should be exercised in a manner that will expedite the public business and with the view of fairly adjusting conflicting public and private rights in connection with the use of the sidewalk.

The petition for certiorari is denied and dismissed; the decision of the commissioner of public works and the approval thereof by the board of aldermen denying petitioners' application is affirmed; and the papers in the case are ordered sent back to the respondents.

ON MOTION FOR REARGUMENT.

APRIL 21, 1948.

PER CURIAM. After our decision in the above case the petitioners asked and received permission to file a motion

for reargument. Pursuant to this permission they have filed such a motion, setting out therein certain reasons on which they base their contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.